# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SOUTHLAND ROYALTY COMPANY LLC, | : | Bankruptcy Case No. 20-10158 (KBO) |
| | : | BAP 21-00027 |
| | : | Bankruptcy ADV No. 21-50055 (KBO) |
| Debtor. | : | Bankruptcy ADV No. 21-50056 (KBO) |
| | : | |
| _____ | : | |
| | : | |
| JAMES FULLERTON and BARBARA. FULLERTON, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C.A. No. 21-718-MN |
| | : | |
| SOUTHLAND ROYALTY COMPANY, LLC | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |
| | : | |
| GERALD ULIBARRI and WHITE RIVER ROYALTIES, LLC | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C.A. No. 21-719-MN |
| | : | |
| SOUTHLAND ROYALTY COMPANY, LLC | : | |
| | : | |
| Appellee. | : | |

## **RECOMMENDATION**

At Wilmington this **14th** day of **June, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated

September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

These matters involve appeals from summary judgment orders addressing the following.  Appellants claim they were underpaid natural gas royalties by Appellees due to improper deductions.  As a result, Appellants maintain that the underpaid royalties are not the property of the Appellee's bankrupt estate. Although the parties are attempting to resolve certain monetary issues and are not far apart, they do not believe mediation will bridge any gap because these appeals involve an underlying "yes" or "no" question which does not have a middle ground for negotiated resolution of whether royalty payments owed to Appellants are property of the bankruptcy estate.   Further, there is concern about the expense involved in mediation, especially when both sides seriously question whether mediation would be effective.

The parties request that these matters be removed from mandatory mediation and that briefing proceed as follows:[1]

| | |
|---|---|
| Initial Brief | July 30, 2021 |
| Answering Brief | August 27, 2021 |
| Reply Brief | September 17, 2021 |

---

[1] The parties request that briefing on appeal begin slightly later to permit further discussion before any briefs are due.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge